Filed 9/23/16  In re Mia L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MIA L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. MIA L., Defendant and Appellant. | F073520 (Super. Ct. No. 16CEJ600059-1) **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Linda K. Harvie, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P.J., Franson, J. and McCabe, J.†

†       Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

Appointed counsel for minor Mia L. asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to minor, we affirm the juvenile court's finding and orders.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On January 29, 2016, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging 14-year-old minor had committed battery upon another girl (Pen. Code, § 242, a misdemeanor). Minor was reportedly aggressive and beyond parental control. Minor was taken into custody and she remained detained in Juvenile Hall pending the jurisdiction hearing.

At the settlement conference on February 8, 2016, the court denied minor's requests for release, citing her suicide attempt, behavioral problems at school, substance abuse, and history of running away.

On February 23, 2016, minor admitted the battery allegation, and the juvenile court set her maximum custody time at six months. She remained detained.

Allegations of physical abuse by minor's father were investigated and found inconclusive. There had been prior referrals for the family, but none had been substantiated. Probation continued to recommend out-of-home placement.

On March 16, 2016, the court declared minor a ward of the court and ordered her into out-of-home placement, over her objections. Minor's counsel requested a contested hearing on the recommendations report (Welf. & Inst. Code, § 241.1), but the court denied the request.

On March 30, 2016, the minor was being considered for "wraparound services" and her cousin and her cousin's husband were being screened for placement. The minor was to be placed there as soon as the screening and the plan were completed.

On April 7, 2016, minor filed a notice of appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to minor.

## **DISPOSITION**

The findings and orders of the juvenile court are affirmed.